| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| R. Gibson Pagter, Jr., CA SBN 116450<br>PAGTER AND PERRY ISAACSON<br>525 N. Cabrillo Park Drive, Suite 104<br>Santa Ana, CA  92701<br><br>Telephone: (714) 541-6072<br>Facsimile:  (714) 541-6897<br>Email: gibson@ppilawyers.com<br><br><br><br><br>☐ *Individual appearing without attorney*<br>☒ *Attorney for:* Movant | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION**

| In re:<br><br>TIMOTHY D. YALE,<br><br><br><br><br><br><br><br><br><br><br>                                                             Debtor(s). | CASE NO.: 8:16-bk-14775-ES<br><br>CHAPTER: 11<br><br>**NOTICE OF MOTION AND MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362**<br>**(with supporting declarations)**<br>**(ACTION IN NONBANKRUPTCY FORUM)**<br><br>DATE: 08/17/2017<br>TIME: 10:00 am<br>COURTROOM: 5A |

**Movant**: Thomas E. Nanci and Leigh Ann Nanci, Trustees of the Nanci Family Trust

1. **Hearing Location**:
   ☐ 255 East Temple Street, Los Angeles, CA 90012          ☒ 411 West Fourth Street, Santa Ana, CA 92701
   ☐ 21041 Burbank Boulevard, Woodland Hills, CA 91367     ☐ 1415 State Street, Santa Barbara, CA 93101
   ☐ 3420 Twelfth Street, Riverside, CA 92501

2. Notice is given to the Debtor and trustee (*if any*)(Responding Parties), their attorneys (*if any*), and other interested parties that on the date and time and in the courtroom stated above, Movant will request that this court enter an order granting relief from the automatic stay as to Debtor and Debtor's bankruptcy estate on the grounds set forth in the attached Motion.

3. To file a response to the motion, you may obtain an approved court form at www.cacb.uscourts.gov/forms for use in preparing your response (optional LBR form F 4001-1.RFS.RESPONSE), or you may prepare your response using the format required by LBR 9004-1 and the Court Manual.

---

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

4.  When serving a response to the motion, serve a copy of it upon the Movant's attorney (or upon Movant, if the motion was filed by an unrepresented individual) at the address set forth above.

5.  If you fail to timely file and serve a written response to the motion, or fail to appear at the hearing, the court may deem such failure as consent to granting of the motion.

6.  ☒  This motion is being heard on REGULAR NOTICE pursuant to LBR 9013-1(d).  If you wish to oppose this motion, you must file and serve a written response to this motion no later than 14 days before the hearing and appear at the hearing.

7.  ☐  This motion is being heard on SHORTENED NOTICE pursuant to LBR 9075-1(b).  If you wish to oppose this motion, you must file and serve a response no later than (*date*) _____ and (*time*) _____; and, you may appear at the hearing.

   a.  ☐  An application for order setting hearing on shortened notice was not required (according to the calendaring procedures of the assigned judge).

   b.  ☐  An application for order setting hearing on shortened notice was filed and was granted by the court and such motion and order have been or are being served upon the Debtor and upon the trustee (if any).

   c.  ☐  An application for order setting hearing on shortened notice was filed and remains pending.  After the court rules on that application, you will be served with another notice or an order that specifies the date, time and place of the hearing on the attached motion and the deadline for filing and serving a written opposition to the motion.

Date:  07/11/2017

PAGTER AND PERRY ISAACSON
Printed name of law firm (if applicable)

R. Gibson Pagter, Jr.
Printed name of individual Movant or attorney for Movant

/s/ R. Gibson Pagter, Jr.
Signature of individual Movant or attorney for Movant

---

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

# MOTION FOR RELIEF FROM THE AUTOMATIC STAY AS TO NONBANKRUPTCY ACTION

1. **In the Nonbankruptcy Action, Movant is:**

   a. ☒ Plaintiff

   b. ☐ Defendant

   c. ☐ Other (*specify*):

2. **The Nonbankruptcy Action:** There is a pending lawsuit or administrative proceeding (Nonbankruptcy Action) involving the Debtor or the Debtor's bankruptcy estate:

   a. *Name of Nonbankruptcy Action*: Thomas & Leigh Ann Nanci, Trustees vs. Timothy Yale

   b. *Docket number*: 30-2016-00859425-CU-BC-CJC

   c. *Nonbankruptcy forum where Nonbankruptcy Action is pending*:
   Superior Court of Califorina, County of Orange

   d. Causes of action or claims for relief (Claims):
   1). Breach of Contract 2). Fraud 3). Trespass 4). Quiet Title 5). Restraining Order 6). Indemnity and Contribution

3. **Bankruptcy Case History:**

   a. ☒ A voluntary   ☐ An involuntary   petition under chapter   ☒ 7 ☐ 11 ☐ 12 ☐ 13
   was filed on (*date*)  11/21/2016  .

   b. ☒ An order to convert this case to chapter   ☐ 7 ☒ 11 ☐ 12 ☐ 13
   was entered on (*date*) 01/19/2017  .

   c. ☐ A plan was confirmed on (*date*) _____.

4. **Grounds for Relief from Stay:** Pursuant to 11 U.S.C. § 362(d)(1), cause exists to grant Movant relief from stay to proceed with the Nonbankruptcy Action to final judgment in the nonbankruptcy forum for the following reasons:

   a. ☐ Movant seeks recovery only from applicable insurance, if any, and waives any deficiency or other claim against the Debtor or property of the Debtor's bankruptcy estate.

   b. ☐ Movant seeks recovery primarily from third parties and agrees that the stay will remain in effect as to enforcement of any resulting judgment against the Debtor or bankruptcy estate, except that Movant will retain the right to file a proof of claim under 11 U.S.C. § 501 and/or an adversary complaint under 11 U.S.C. § 523 or § 727 in this bankruptcy case.

   c. ☒ Mandatory abstention applies under 28 U.S.C. § 1334(c)(2), and Movant agrees that the stay will remain in effect as to enforcement of any resulting judgment against the Debtor or bankruptcy estate, except that Movant will retain the right to file a proof of claim under 11 U.S.C. § 501 and/or an adversary complaint under 11 U.S.C. § 523 or § 727 in this bankruptcy case.

   d. ☒ The Claims are nondischargeable in nature and can be most expeditiously resolved in the nonbankruptcy forum.

   e. ☒ The Claims arise under nonbankruptcy law and can be most expeditiously resolved in the nonbankruptcy forum.

---

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

f. ☐ The bankruptcy case was filed in bad faith.

    (1) ☐ Movant is the only creditor, or one of very few creditors, listed or scheduled in the Debtor's case commencement documents.

    (2) ☐ The timing of the filing of the bankruptcy petition indicates that it was intended to delay or interfere with the Nonbankruptcy Action.

    (3) ☐ Multiple bankruptcy cases affect the Nonbankruptcy Action.

    (4) ☐ The Debtor filed only a few case commencement documents.  No schedules or statement of financial affairs (or chapter 13 plan, if appropriate) has been filed.

g. ☐ Other (*specify*):

5. **Grounds for Annulment of Stay.**  Movant took postpetition actions against the Debtor.

a. ☒ The actions were taken before Movant knew that the bankruptcy case had been filed, and Movant would have been entitled to relief from stay to proceed with these actions.

b. ☐ Although Movant knew the bankruptcy case was filed, Movant previously obtained relief from stay to proceed in the Nonbankruptcy Action in prior bankruptcy cases affecting the Nonbankruptcy Action as set forth in Exhibit. _____.

c. ☐ Other (*specify*):

6. **Evidence in Support of Motion:  (*Important Note:  declaration(s) in support of the Motion MUST be signed under penalty of perjury and attached to this motion.*)**

a. ☒ The DECLARATION RE ACTION IN NONBANKRUPTCY FORUM on page 6.

b. ☒ Supplemental declaration(s).

c. ☐ The statements made by Debtor under penalty of perjury concerning Movant's claims as set forth in Debtor's case commencement documents.  Authenticated copies of the relevant portions of the Debtor's case commencement documents are attached as Exhibit. _____.

d. ☐ Other evidence (*specify*):

7. ☐ **An optional Memorandum of Points and Authorities is attached to this Motion.**

**Movant requests the following relief:**

1. Relief from the stay pursuant to 11 U.S.C. § 362(d)(1).

2. ☒ Movant may proceed under applicable nonbankruptcy law to enforce its remedies to proceed to final judgment in the nonbankruptcy forum, provided that the stay remains in effect with respect to enforcement of any judgment against the Debtor or property of the Debtor's bankruptcy estate.

3. ☒ The stay is annulled retroactively to the bankruptcy petition date.  Any postpetition acts taken by Movant in the Nonbankruptcy Action shall not constitute a violation of the stay.

---

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

4. ☐ The co-debtor stay of 11 U.S.C. § 1201(a) or § 1301(a) is terminated, modified, or annulled as to the co-debtor, on the same terms and condition as to the Debtor.

5. ☒ The 14-day stay prescribed by FRBP 4001(a)(3) is waived.

6. ☐ The order is binding and effective in any bankruptcy case commenced by or against the Debtor for a period of 180 days, so that no further automatic stay shall arise in that case as to the Nonbankruptcy Action.

7. ☐ The order is binding and effective in any future bankruptcy case, no matter who the debtor may be, without further notice

8. ☐ Other relief requested.


Date:  07/11/2017

PAGTER AND PERRY ISAACSON
Printed name of law firm (*if applicable*)

 R. Gibson Pagter, Jr.
Printed name of individual Movant or attorney for Movant


 /s/ R. Gibson Pagter, Jr.
Signature of individual Movant or attorney for Movant

---

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

## DECLARATION RE ACTION IN NONBANKRUPTCY FORUM

I, (*name of Declarant*) Fernando Leone _____, declare as follows:

1.  I have personal knowledge of the matters set forth in this declaration and, if called upon to testify, I could and would competently testify thereto.  I am over 18 years of age.  I have knowledge regarding (Nonbankruptcy Action) because:

    ☐  I am the Movant.
    ☒  I am Movant's attorney of record in the Nonbankruptcy Action.
    ☐  I am employed by Movant as (*title and capacity*):
    ☐  Other (*specify*):

2.  I am one of the custodians of the books, records and files of Movant as to those books, records and files that pertain to the Nonbankruptcy Action.  I have personally worked on books, records and files, and as to the following facts, I know them to be true of my own knowledge or I have gained knowledge of them from the business records of Movant on behalf of Movant, which were made at or about the time of the events recorded, and which are maintained in the ordinary course of Movant's business at or near the time of the acts, conditions or events to which they relate.  Any such document was prepared in the ordinary course of business of Movant by a person who had personal knowledge of the event being recorded and had or has a business duty to record accurately such event.  The business records are available for inspection and copies can be submitted to the court if required.

3.  In the Nonbankruptcy Action, Movant is:

    ☒  Plaintiff
    ☐  Defendant
    ☐  Other (*specify):*

4.  The Nonbankruptcy Action is pending as:

    a.  *Name of Nonbankruptcy Action*: Thomas & Leigh Ann Nanci, Trustees vs. Timothy Yale
    b.  *Docket number*: 30-2016-00859425-CU-BC-CJC
    c.  *Nonbankruptcy court or agency where Nonbankruptcy Action is pending*:
        Superior Court of California, County of Orange

5.  **Procedural Status of Nonbankruptcy Action**:

    a.  The Claims are:
        1). Breach of Contract 2). Fraud 3). Trespass 4). Quiet Title 5). Restraining Order 6). Indemnity and Contribution

    b.  True and correct copies of the documents filed in the Nonbankruptcy Action are attached as Exhibit  1____.

    c.  The Nonbankruptcy Action was filed on (*date*)  06/22/2016__.

    d.  Trial or hearing began/is scheduled to begin on (*date*)  07/14/2017___.

    e.  The trial or hearing is estimated to require  1____ days (*specify*).

    f.  Other plaintiffs in the Nonbankruptcy Action are (*specify*):

---

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2014                                        Page 6                          **F 4001-1.RFS.NONBK.MOTION**

g.   Other defendants in the Nonbankruptcy Action are (*specify*):


5.   **Grounds for relief from stay:**

a.   ☐   Movant seeks recovery primarily from third parties and agrees that the stay will remain in effect as to enforcement of any resulting judgment against the Debtor or the Debtor's bankruptcy estate, except that Movant will retain the right to file a proof of claim under 11 U.S.C. § 501 and/or an adversary complaint under 11 U.S.C. § 523 or § 727 in this bankruptcy case.

b.   ☒   Mandatory abstention applies under 28 U.S.C. § 1334(c)(2), and Movant agrees that the stay will remain in effect as to enforcement of any resulting judgment against the Debtor or the Debtor's bankruptcy estate, except that Movant will retain the right to file a proof of claim under 11 U.S.C. § 501 and/or an adversary complaint under 11 U.S.C. § 523 or § 727 in this bankruptcy case.

c.   ☐   Movant seeks recovery only from applicable insurance, if any, and waives any deficiency or other claim against the Debtor or property of the Debtor's bankruptcy estate.  The insurance carrier and policy number are (*specify*):


d.   ☒   The Nonbankruptcy Action can be tried more expeditiously in the nonbankruptcy forum.

(1)  ☒   It is currently set for trial on (*date*) __07/14/2017__.

(2)  ☐   It is in advanced stages of discovery and Movant believes that it will be set for trial by (*date*) _____.  The basis for this belief is (*specify*):


(3)  ☒   The Nonbankruptcy Action involves non-debtor parties and a single trial in the nonbankruptcy forum is the most efficient use of judicial resources.

e.   ☐   The bankruptcy case was filed in bad faith specifically to delay or interfere with the prosecution of the Nonbankruptcy Action.

(1)  ☐   Movant is the only creditor, or one of very few creditors, listed or scheduled in the Debtor's case commencement documents.

(2)  ☐   The timing of the filing of the bankruptcy petition indicates it was intended to delay or interfere with the Nonbankruptcy Action based upon the following facts (*specify*):


(3)  ☐   Multiple bankruptcy cases affecting the Property include:

(A)  Case name:
Case number:                                        Chapter:
Date filed:                Date discharged:                Date dismissed:
Relief from stay regarding this Nonbankruptcy Action   ☐ was   ☐ was not   granted.

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

(B) Case name:
    Case number:                Chapter:
    Date filed:           Date discharged:          Date dismissed:
    Relief from stay regarding this Nonbankruptcy Action ☐ was ☐ was not  granted.

(C) Case name:
    Case number:                Chapter:
    Date filed:           Date discharged:          Date dismissed:
    Relief from stay regarding this Nonbankruptcy Action ☐ was ☐ was not  granted.

    ☐ See attached continuation page for information about other bankruptcy cases affecting the Nonbankruptcy Action.

    ☐ See attached continuation page for additional facts establishing that this case was filed in bad faith.

f. ☐ See attached continuation page for other facts justifying relief from stay.

6. ☒ Actions taken in the Nonbankruptcy Action after the bankruptcy petition was filed are specified in the attached supplemental declaration(s).

   a. ☒ These actions were taken before Movant knew the bankruptcy petition had been filed, and Movant would have been entitled to relief from stay to proceed with these actions.

   b. ☐ Movant knew the bankruptcy case had been filed, but Movant previously obtained relief from stay to proceed with the Nonbankruptcy Action enforcement actions in prior bankruptcy cases affecting the Property as set forth in Exhibit _____

   c. ☒ For other facts justifying annulment, see attached continuation page.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 07/11/2017 | Fernando Leone | |
|---|---|---|
| Date | Printed name | Signature |

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2014                                   Page 8                          F 4001-1.RFS.NONBK.MOTION

# DECLARATION OF R. GIBSON PAGTER, JR.

I, R. Gibson Pagter, Jr., declare:

1.      I am an attorney licensed to practice before this U.S. Bankruptcy Court, and one of the attorneys of record for the Movants in this bankruptcy case.  The facts contained herein are true and correct and of my personal knowledge.

2.      I personally have downloaded and reviewed the case docket and several documents in the above Debtor's bankruptcy cases.  This Court's docket and documents filed therein reflect that: (a) the Court set a claims filing deadline of 5/25/2017, meaning Movants received less than 7 days notice of same, at most; and (b) this Court set a deadline for the filing a complaint for non-dischargeability herein, in the Chapter 11 phase, of 4/25/2017, meaning it passed before Movants even knew this case had been filed.

3.      If this case is not dismissed at the case status hearing set for 7/13/2017, I intend to file a Complaint for Non-Dischargeability herein, as well as a Proof of Claim.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on 7/11/2017 at Santa Ana, CA.

/s/ R. Gibson Pagter, Jr.
R. GIBSON PAGTER, JR.

PPI
525 N Cabrillo
Park Drive
Suite 104
Santa Ana, CA
92701
(714) 541-6072

## DECLARATION OF FERNANDO LEONE

I, Fernando Leone, declare:

1.      I am an attorney licensed to practice before the Courts of the State of California, and one of the attorneys of record for the Movants in the Nonbankruptcy Action.  The facts contained herein are true and correct and of my personal knowledge.

1.      On 6/22/2016, I caused to be filed a Complaint for Breach of Contract, *et al*, on behalf of Movants and against Debtor, Timothy Yale, commencing the NonBankruptcy Action defined above. On 8/22/2016 I I caused to be filed a First Amended Complaint for Breach of Contract, *et al*, in the NonBankruptcy Action, a true and correct coy of which is attached hereto as Exhibit "1." I caused a copy of the filed First Amended Complaint to be served upon the Debtor shortly after 8/22/2016. On 9/22/2016 I mediated the matters recited in the First Amended Complaint, and the parties reached a Stipulation for Settlement, a true and correct copy of which is attached hereto as part of Exhibit "1." Debtor has not performed under that Stipulation.

2.      On 12/13/2016, after I had received no response to the First Amended Complaint, and when I had no notice or knowledge that Debtor was then a Debtor in the instant bankruptcy case pending before this Court, I caused to be filed a Request for Entry of Default. On 12/13/2016 the Clerk of the state court entered Debtor's default. On 4/7/2017, at a case management conference, where I appeared but Debtor did not, the state court set a default prove-up hearing for 7/14/2017. A true and correct copy of this Request is attached hereto as part of Exhibit "1." As of 7/11/2017 no Notice of Stay has been filed in the NonBankruptcy Action.

PPI
525 N Cabrillo
Park Drive
Suite 104
Santa Ana, CA
92701
(714) 541-6072

3.      On or about 5/21/2017 I learned that Debtor was a debtor in the instant

bankruptcy case, when Movants forwarded to me a copy of a Supplemental Proof of Service

by Wells Fargo regarding its Motion for Relief From Stay. I then caused Movant to retain

experienced bankruptcy counsel, R. Gibson Pagter, Jr.. Since learning of the bankruptcy case

I have taken no action against Debtor/Defendant in the NonBankruptcy Action.

3.      If relief from stay is granted, on behalf of Movant, I intend to prove-up Movants'

claims in state court and, if this bankruptcy case still is pending, to work with Mr. Pagter to

seek a determination of non-dischargeability in this Court as to all appropriate claims.

I declare under penalty of perjury under the laws of the United States of America that

the foregoing is true and correct. Executed on 7/11/2017 at Santa Ana, CA.

FERNANDO LEONE

PPI
525 N Cabrillo
Park Drive
Suite 104
Santa Ana, CA
92701
(714) 541-6072

# EXHIBIT
# 1

Exhibit 1

CIV-100

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

— FERNANDO LEONE, ESQ.    (SBN:147933)
LEONE + ASSOCIATES
207 N. BROADWAY, SUITE F
SANTA ANA, CA 92701
TELEPHONE NO.: 714-836-4439    FAX NO. *(Optional):* 714-836-4418
E-MAIL ADDRESS *(Optional):* AVLG@SBCGLOBAL.NET
ATTORNEY FOR *(Name):* PLAINTIFFS: THOMAS AND LEIGH NANCI

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE
STREET ADDRESS: 700 CIVIC CENTER DRIVE WEST
MAILING ADDRESS: SAME
CITY AND ZIP CODE: SANTA ANA, CA 92701
BRANCH NAME: CENTRAL JUSTICE CENTER

PLAINTIFF/PETITIONER: Thomas E. Nanci and Leigh Ann Nanci, Trustee

DEFENDANT/RESPONDENT: Timothy Yale

| REQUEST FOR (Application) | ✔ Entry of Default ☐ Clerk's Judgment ☐ Court Judgment | CASE NUMBER: 30-2016-00859425 |
|---|---|---|

1. TO THE CLERK: On the complaint or cross-complaint filed
   a. on *(date):* 6/22/16
   b. by *(name):* Thomas E. Nanci and Leigh Anne Nanci, Trustees of the Nanci Family Trust
   c. ✔ Enter default of defendant *(names):* Timothy Yale and Does 1-10, inclusive

   d. ☐ I request a court judgment under Code of Civil Procedure sections 585(b), 585(c), 989, etc., against defendant *(names):*

   *(Testimony required. Apply to the clerk for a hearing date, unless the court will enter a judgment on an affidavit under Code Civ. Proc., § 585(d).)*
   e. ☐ Enter clerk's judgment
      (1) ☐ for restitution of the premises only and issue a writ of execution on the judgment. Code of Civil Procedure section 1174(c) does not apply. (Code Civ. Proc., § 1169.)
         ☐ Include in the judgment all tenants, subtenants, named claimants, and other occupants of the premises. The *Prejudgment Claim of Right to Possession* was served in compliance with Code of Civil Procedure section 415.46.
      (2) ☐ under Code of Civil Procedure section 585(a). *(Complete the declaration under Code Civ. Proc., § 585.5 on the reverse (item 5).)*
      (3) ☐ for default previously entered on *(date):*

2. **Judgment to be entered.**

| | Amount | Credits acknowledged | Balance |
|---|---|---|---|
| a. Demand of complaint ........... | $ TBD | $ | $ |
| b. Statement of damages * | | | |
|   (1) Special ................. | $ | $ | $ |
|   (2) General ................. | $ | $ | $ |
| c. Interest ...................... | $ | $ | $ |
| d. Costs *(see reverse)* ........... | $ | $ | $ |
| e. Attorney fees .................. | $ | $ | $ |
| f. **TOTALS** .................. | $ | $ | $ |

  g. **Daily damages** were demanded in complaint at the rate of: $ _____ per day beginning *(date):*
  *(\* Personal injury or wrongful death actions; Code Civ. Proc., § 425.11.)*

3. ☐ *(Check if filed in an unlawful detainer case)* **Legal document assistant or unlawful detainer assistant** information is on the reverse *(complete item 4).*

Date: 12/6/2016

                        ▶
*(TYPE OR PRINT NAME)*    *(SIGNATURE OF PLAINTIFF OR ATTORNEY FOR PLAINTIFF)*

| FOR COURT USE ONLY | (1) ☐ Default entered as requested on *(date):* | |
|---|---|---|
| | (2) ☐ Default NOT entered as requested *(state reason):* | |
| | Clerk, by _____ , Deputy | |

Page 1 of 2

| Form Adopted for Mandatory Use Judicial Council of California CIV-100 [Rev. January 1, 2007] | **REQUEST FOR ENTRY OF DEFAULT** (Application to Enter Default) | Code of Civil Procedure, §§ 585–587, 1169 www.courtinfo.ca.gov |
|---|---|---|

Exhibit 1

CIV-100

| PLAINTIFF/PETITIONER: Thomas E Nanci and leigh Ann Nanci | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Timothy Yale | 30- 2016 -00859425 |

4. **Legal document assistant or unlawful detainer assistant (Bus. & Prof. Code, § 6400 et seq.).** A legal document assistant or unlawful detainer assistant ☐ did ☑ did **not** for compensation give advice or assistance with this form. *(If declarant has received **any** help or advice for pay from a legal document assistant or unlawful detainer assistant, state):*

   a. Assistant's name:
   b. Street address, city, and zip code:

   c. Telephone no.:
   d. County of registration:
   e. Registration no.:
   f. Expires on *(date)*:

5. ☐ **Declaration under Code of Civil Procedure Section 585.5** *(required for entry of default under Code Civ. Proc., § 585(a)).* This action

   a. ☐ is ☐ is not on a contract or installment sale for goods or services subject to Civ. Code, § 1801 et seq. (Unruh Act).
   b. ☐ is ☐ is not on a conditional sales contract subject to Civ. Code, § 2981 et seq. (Rees-Levering Motor Vehicle Sales and Finance Act).
   c. ☐ is ☐ is not on an obligation for goods, services, loans, or extensions of credit subject to Code Civ. Proc., § 395(b).

6. **Declaration of mailing (Code Civ. Proc., § 587).** A copy of this *Request for Entry of Default* was

   a. ☐ **not mailed** to the following defendants, whose addresses are **unknown** to plaintiff or plaintiff's attorney *(names):*

   b. ☑ **mailed** first-class, postage prepaid, in a sealed envelope addressed to each defendant's attorney of record or, if none, to each defendant's last known address as follows:

   (1) Mailed on *(date):* 12/7/16

   (2) To *(specify names and addresses shown on the envelopes):*
   Timothy Yale
   10251 Sunrise Lane
   Santa Ana, CA 92701

I declare under penalty of perjury under the laws of the State of California that the foregoing items 4, 5, and 6 are true and correct.

Date: 12/2/16

Tania Serna
(TYPE OR PRINT NAME)

▶ Tania Serna
(SIGNATURE OF DECLARANT)

7. **Memorandum of costs** *(required if money judgment requested).* Costs and disbursements are as follows (Code Civ. Proc., § 1033.5):

   a. Clerk's filing fees ................... $
   b. Process server's fees ............... $   TBD
   c. Other *(specify):* .................. $
   d. ................................... $
   e. **TOTAL** ......................... $ _____
   f. ☐ Costs and disbursements are waived.

   g. I am the attorney, agent, or party who claims these costs. To the best of my knowledge and belief this memorandum of costs is correct and these costs were necessarily incurred in this case.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: 12/6/16

Fernando Leone Esq.
(TYPE OR PRINT NAME)

▶
(SIGNATURE OF DECLARANT)

8. ☑ **Declaration of nonmilitary status** *(required for a judgment).* No defendant named in item 1c of the application is in the military service so as to be entitled to the benefits of the Servicemembers Civil Relief Act (50 U.S.C. App. § 501 et seq.).

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: 12/6/16

Fernando Leone Esq.
(TYPE OR PRINT NAME)

▶
(SIGNATURE OF DECLARANT)

**REQUEST FOR ENTRY OF DEFAULT**
**(Application to Enter Default)**

Exhibit 1

## PROOF OF SERVICE

I am over the age of 18 and am not a party to the within action.  My mailing address is 207 North Broadway suite F, Santa Ana, CA 92701

On  **12/12/16**  I personally served the document(s) described as:

**ENTRY OF DEFAULT**

all interested parties in this action

See Attached Mailing List hereto

**[] (BY FAX)**

[X] I deposited such envelope in the **12/12/16** The envelope was mailed with postage thereon fully prepaid.

[X] As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal service on that day with postage thereon fully prepaid at Santa Ana, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter is more than one day after date of deposit more mailing in affidavit or declaration.   Executed on **12/12/16** in Santa Ana, California.

**[] (By facsimile transmission)**

**[] (By next day delivery-overnight mail)**

**[] (By Personal Service)** I delivered such envelope by hand to the offices of the following addressee

**[] (By Electronic Mail(PDF):**I caused such documents to be sent by electronic mail as a PDF attachment to the email addresses listed on the attached service list.

**[] (State)** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

**[] [FEDERAL]** I declare under the laws of the United States of America that I am employed in the office of a member of the Bar of this State at whose direction the service was made or that I am not am employee but have acted in accordance with the specific instructions of such member of the Bar.

Date: **12/12/16**

TANIA SERNA

Exhibit 1

# MAILING LIST

## TIMOTHY YALE

### 10251 SUNRISE LANE

### SANTA ANA, CA 92701

Exhibit 1

Exhibit 1

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF _ORANGE_

Plaintiff, THOMAS E. NANCI,
LEIGH ANNE NANCI

Case No.
30-2016-00859425-CU-BC-WE

**STIPULATION**
**FOR SETTLEMENT**

Defendants.
YALE

This case having come on this date _9/22/16_ for a Mediation Hearing before Matt A. Dudies, and the parties having conferred, it is hereby stipulated that this matter is deemed settled pursuant to the following terms and conditions:

1. 180

YALE SHALL, WITHIN ~~180~~ DAYS, PROVIDE TO TT's CONSTRUCTION PLANS, ~~ENGINEERING PLANS~~, ENGINEERING SPECIFICATIONS, ONLY FOR AND FACILITATE THE OBTAINING OF PERMITS. YALE WILL USE BEST EFFORTS TO OBTAIN THE ISSUANCE OF PERMITS. PLAINTIFFS SHALL COMPLETE THE CONSTRUCTION

SETTLEMENT STIPULATION
1
9/22/2016

Exhibit 1

2.

WITHIN 6 MONTHS OF OBTAINING PERMITS. THIS AGREEMENT
RELATES TO THE CONSTRUCTION OF THE ROADWAY DESCRIBED
IN "AGREEMENT BETWEEN ADJOINING LANDOWNERS" RECORDED ON
NOV 19 2008. PLAINTIFFS AND DEFENDANTS AGREE THAT THE STATUTE
OF LIMITATIONS IS WAIVED WITH RESPECT TO THE OBLIGATIONS HEREIN.

3.    Plaintiff (s) agree (s) to accept the settlement sums in full satisfaction of all

(his/her/their/its) claims, known or unknown, arising from the (events described in the

complaint) (event which is the subject of the claim) with the knowledge that (he/she

they/it) will be barred from proceeding against the defendant (s) in the future.

California Civil Code Section 1542 is expressly waived.  Section 1542 provides:

" **A general release does not extend to claims which the creditor does not**

**know or suspect to exists in his or her favor at the time of executing the**

**release, which if known by him or her must have materially affected his or**

**her settlement with the debtor."**

4.    The parties to this agreement agree that pursuant to Evidence Code Section 1123 this

Stipulation for Settlement may be used in any subsequent proceedings to prove the terms

of the settlement.  This settlement is binding and enforceable upon the parties hereto.

5.    Each party will bear its own costs and legal fees.

6.    Plaintiff (s) shall execute a general release of all claims and a dismissal with prejudice of

the complaint.

7.    Defendant(s) will make a reasonable effort to pay settlement sum within _____ days

from the date of this agreement.

**SETTLEMENT STIPULATION**
2
9/22/2016

Exhibit 1

8.    This settlement is binding on all parties and may be enforced pursuant to California Code of Civil Procedure Section 664.6 in the Superior Court of _Orange_ County.

9.    As a convenience to the parties and their attorneys the Mediator has provided this Stipulation for Settlement and has assisted in its completion. In so doing the parties and their attorneys agree Mediator has not engaged in the practice of law. *THE PARTIES AGREE THAT THIS IS AN ENFORCEABLE AGREEMENT BUT WILL COOPERATE IN PREPARING A "LONG-FORM" SETTLEMENT AGREEMENT.*

Dated: 9-22-16

Plaintiff _Thomas E. Nanci_

9/22/16

Attorney for Plaintiff(s)
_Fernando Leon, Esq._

Defendant _____

Attorney for Defendant(s)
_JOHN A. MARTIN_

_____
Representative

*THE PARTIES AGREE THAT IF LEIGH ANNE NANCI DOES NOT SIGN THIS AGREEMENT NO PARTY MAY ENFORCE IT.*

SETTLEMENT STIPULATION
3
9/22/2016

Exhibit 1

<u>Additional Parties/Attorneys</u>

1

2

3

4

5    Plaintiff  _Leigh Anne Nanci_____    Defendant _____

6

7

8    Attorney for Plaintiff  _Fernando Leag, Esi_    Attorney for Defendant _____

9

10

11

12   Plaintiff _____    Defendant _____

13

14

15   Attorney for Plaintiff _____    Attorney for Defendant _____

16

17

18   Plaintiff _____    Defendant _____

19

20

21   Attorney for Plaintiff _____    Attorney for Defendant _____

22

23

24

25   This Stipulation for Settlement consists of _____ pages.

26

27

28

SETTLEMENT STIPULATION
4
9/22/2016

Exhibit 1

Exhibit 1

ELECTRONICALLY FILED
Superior Court of California,
County of Orange

08/16/2016 at 12:31:00 PM

Clerk of the Superior Court
By Veronica Acosta, Deputy Clerk

1   Fernando Leone Esq. (SBN:147933)
    LEONE + ASSOCIATES
2   207 N. Broadway # F
    Santa Ana, CA 92701
3
    Tel: 714.836-4439
4   Fax: 714.836-4418

5   Attorney for Plaintiff Thomas E. Nanci and Leigh Anne Nanci,
    Trustees of the Nanci Family Trust
6

7
                    Superior Court for the State of California
8
                       In and for the County of Orange
9

10
    Thomas E. Nanci and Leigh Anne Nanci,     )   Case No.: 30- 2016- 00859425-
11  Trustees of the Nanci Family Trust        )                 CU- BC- CJC
                                              )   **First Amended Complaint for:**
12              Plaintiff,                     )
                                              )   **1.Breach of Contract**
13          v.                                )   **2.Fraud (Concealment),**
                                              )   **3.Trespass,**
14  Timothy Yale and Does 1-10, inclusive,    )   **4.Quiet Title,**
                                              )   **5.Restraining Order,**
15              Defendants                     )   **6.Indemnity and Contribution**
                                              )
16                                            )
                                              )
17                                            )
    _____      )

18

19      COMES NOW Plaintiffs Thomas E. Nanci and Leigh Anne Nanci, Trustees of the Nanci

    Family Trust (collectively "Plaintiffs") and allege as follows:
20
        1.  Plaintiffs, and all times referenced herein, are individuals residing in the County of
21
            Orange, State of California.
22
        2.  Defendant Timothy Yale ("Defendant") is an individual, who at all times referenced
23
            herein, resides in the County of Orange, State of California.
24
        3.  The true names and capacities of the Defendant sued herein as Does 1 through 10,
25
            inclusive, are presently unknown to the plaintiff. Plaintiff will seek leave of Court to


                              First Amended Complaint


Exhibit 1

amend this Complaint when their true names and capacities are ascertained. Plaintiff is informed and believes, and on the basis of that information and belief alleges that each of those Defendants was in some manner the legal cause for the event and happening alleged in this Complaint and for Plaintiff's injuries and damages. Plaintiff will seek leave to the court to amend said Complaint at such time as Plaintiff ascertains the true names and capacities of the DOE Defendants.

4.  Plaintiffs are informed and believe, and on the basis of the information and belief allege, that at all times mentioned herein, Defendants were the agents and employees of their co-Defendants, and in doing the things alleged herein were acting within the course and scope of that agency and employment.

**General Allegations**

5.  In or about April 11, 2006, Plaintiffs purchased real property, a vacant residential lot, from Defendant Yale. The purchased lot is located immediately adjacent to Defendant Yale's single family residence, at 10251 Sunrise Lane (Parcel 3), Santa Ana, CA 92701.

6.  Unbeknownst to Plaintiffs at any time prior to their purchase, Defendant had, at some point, also promised an adjoining land owner, Tim Welty ("Welty"), that he could use part of Plaintiffs' real property for ingress to and egress from a common roadway and that such use by Welty for ingress to and egress from that common roadway would necessarily mean that Welty could have access to Plaintiffs' real property.

7.  Thereafter, Welty sued Plaintiffs herein, as well as Defendant Yale, in an action titled *Welty v. Timothy Yale, et al* OCSC Case number 30-2012-00607987-CU-OR-CJC to enforce the above referenced promises that Defendant Yale herein had made to Welty; all of which were unknown to Plaintiffs as hereinbefore alleged.

Exhibit 1

8.  Following a trial in *Welty v. Timothy Yale*, Plaintiffs herein prevailed, but incurred over $75,000 in attorneys fees in order to defend themselves from a legal dispute they had no idea they could be involved in at any time prior to the purchase of the land from Defendant, Yale.

9.  Additionally, Defendant Yale told Plaintiff, Tom Nanci, after the purchase of the real property from Yale, on January 21, 2015, that utilities including electric; gas, sewer, water and cable that serviced only Defendant Yale's property were, in fact, located and encroached upon the Plaintiffs' vacant lot that they had purchased from Defendant Yale several years earlier. Defendant Yale immediately promised to remove said utilities from the Plaintiffs' lot and replace with brand new utilities at his sole expense. Said promise is yet to be fulfilled as of today's date.

10. At the time of purchase, Defendant Yale also promised that he would engineer his own access road to their real property from the common roadway and thus not have to use any part of Plaintiffs' real property. Just like all the other hollow promises made by Defendant Yale, the new roadway has yet to engineered, let alone constructed. This matter is currently being litigated in Orange County Superior Court Case Number 30-2014-00747605 (*Nanci etc, et al v. Timothy Yale, etc, et al.*).

## FIRST CAUSE OF ACTION

### (For Breach of Contract Against all Defendants)

11. Plaintiffs incorporate by reference Paragraphs 1-10 of this amended complaint as though fully set forth herein.

Exhibit 1

12. As referenced herein Defendants promised to Plaintiffs to remove old utilities, install, and pay for, new utility connections from a common roadway to the entrance of Plaintiffs' real property. These utility connections included but are not limited to electrical, water, cable gas etc,

13. Plaintiffs have performed all conditions, covenants, and promises required to be performed by them and in accordance with the agreement entered into between Plaintiffs and Defendants.

14. Defendants have breached their promise to remove, install and pay for such utility lines and Plaintiffs have suffered damages in excess of $200,000. Plaintiffs pray for leave of court to amend this complaint at such time as all damages are more fully ascertained.

### SECOND CAUSE OF ACTION

[For Fraud (Concealment) against All Defendants]

15. Plaintiffs incorporate by reference Paragraphs 1-14 of this amended complaint as though fully set forth herein.

16. As noted above, Defendant Yale, in order to induce and entice Plaintiffs to purchase certain real property, intentionally failed to disclose to Plaintiffs prior to the time of their purchase (1) the existence of certain utilities such as electrical, gas, water, and cable that serviced only the Defendant, Yale's residence, but were physically located, and encroached upon the adjacent real property purchased by Plaintiffs from Defendant, and (2) Defendant Yale also had, at some point in time prior to the time of Plaintiffs purchase, also promised an adjoining land owner, Tim Welty ("Welty"), that Welty could use part of Plaintiffs' real property for ingress to and egress from a common roadway and that such

Exhibit 1

use by Welty for ingress to and egress from that common roadway would necessarily

mean that Welty could have access to Plaintiffs' real property.

17. As a result of the concealments, Plaintiff did in fact purchase the real property from

Defendants at a purchase price of $1.3 million dollars.  The purchase was reasonable in

that Plaintiff had no way of knowing that Defendant Yale had  (1) encroached the vacant

lot with utilities, and (2) promised the Yelty neighbor permission to enter upon Plaintiffs

vacant lot subjecting Plaintiffs to a costly and lengthy lawsuit. In fact, Defendant Yale

continues to promise that he will remove the old and install new and pay for utility lines

on the Plaintiffs' lot.

18. As a proximate result of the above, Plaintiffs have now been damaged in an amount

according to proof and well over the jurisdictional minimum of this Court, and Plaintiffs

will seek leave of court to amend said complaint when the damages have been more fully

determined.

19. Plaintiffs believes that the aforementioned conduct of the Defendant Yale was intentional,

deceitful and with the specific intent to induce Plaintiffs to purchase said lot; to deprive

Plaintiffs of their property rights and right to their covenant of quiet enjoyment, and to

induce Plaintiffs to assist Defendant Yale in the defense of the action noted above, namely

*Welty v. Timothy Yale*; all with the specific intent to make money by tricking Plaintiffs

into purchasing the real property and in order to trick Plaintiffs into not filing a cross

complaint in the *Welty v. Timothy Yale* action and as against Timothy Yale. This

intentional deceit was well known to Defendant Yale who could have easily acted

otherwise, but greed and money caused him to act in such a despicable way that Plaintiffs

First Amended Complaint

Exhibit 1

have been subjected to cruel and unjust hardship and in conscious disregard for Plaintiff's

rights so as to justify and award of exemplary and punitive damages.

### THIRD CAUSE OF ACTION

[For Trespass as against as Defendant Yale]

20. Plaintiffs incorporate by reference Paragraphs 1-19 of this complaint as though fully set

forth herein.

21. Plaintiffs are the title holders to, and in possession of, certain real property, located at

10251 Sunrise Lane (Parcel 3), Santa Ana, CA.

22. Defendants are the title holders to, and in possession of, certain real property, 10245

Sunrise Lane, Santa Ana, CA

23. Previously, Plaintiffs and Defendants herein agreed that Defendant Yale ONLY could use

and traverse part of Plaintiffs' real property for ingress to and agrees from the common

area roadway to Defendants' real property until Defendant Yale pays for and produced

engineering drawings and permits for a proposed new driveway to be located only on

Defendant Yale's real property. Plaintiffs have now demanded, requested and asked

Defendants to engineer their own roadway and to cease and desist using any part of

Plaintiffs' real property for ingress to and egress from Defendants real property.

24. Defendant Yale furthermore, on January 15, 2015, agreed and promised orally to remove

and replace certain utility lines that service only Defendant, but which are physically

located and encroach upon Plaintiffs' real property. Plaintiffs have now demanded,

requested and asked Defendant Yale to remove, replace and pay for new utilities, and

relocate the old utility lines to Defendant's property, and to cease and desist using and

encroaching upon any part of Plaintiffs' real property.

Exhibit 1

25. Defendant Yale has refused and continues to knowingly encroach and trespass onto Plaintiffs' real property and this continued use of Plaintiffs' real property has produced irreparable damage to Plaintiffs, that if left unrestrained, the encroachment as described herein will certainly cause the imposition of an unwanted servient easement in favor of the defendants across Plaintiffs' land, thereby posing a threat to Plaintiffs' good and marketable title to his property. The potential damages that could proximately result from Defendants' continued trespass would be extremely difficult, if not impossible, to assess accurately. Therefore, no adequate remedy at law is readily available herein.

26. Plaintiffs have advised Defendant Yale that he is trespassing on Plaintiffs' land without any right or authority to do so, and without Plaintiffs' consent.

27. Defendant has threatened and asserted that he will continue to trespass, and therefore continue to deprive Plaintiffs' of Plaintiffs' right to exclusive possession of the property. Plaintiffs are informed and believe, and on the basis of that information and belief allege, that unless restrained by this court, Defendant Yale will continue to trespass against Plaintiff's property. Such trespassory conduct by Defendant will result irreparable harm to Plaintiffs, in that it left unrestrained, will result in the imposition of a servient easement in favor of Defendants across the land, thereby posing a threat to Plaintiff's good and marketable title to the property.

## **FOURTH CAUSE OF ACTION**

(To Quiet Title as against all Defendants)

28. Plaintiffs incorporate by reference Paragraphs 1-27 of this complaint as though fully set forth herein.

First Amended Complaint

Exhibit 1

29. Plaintiffs, and at all times mentioned herein, are the owners, of the above referenced real property located at 10251 Sunrise Lane (Parcel 3) Santa Ana, CA

30. Plaintiffs are informed and believe that Defendants are, or may be, claiming title or some other interest to a certain portion of Plaintiff's real property which is adverse to Plaintiffs. The claim of Defendants is without any right whatsoever, and Defendant have no legal right, claims or interest, legal or equitable to any part or portion of Plaintiff's real property.

31. Plaintiffs therefore seek a declaration that the title to the above referenced real property is vested solely and exclusively with Plaintiffs alone and that the Defendant herein be declared to have no estate, right, title, interest or access to the subject property, legal or equitable, and that Defendant be forever enjoined and restrained from asserting any estate, right, title or interest, legal or equitable to the subject property which is, or would be, adverse to Plaintiffs herein.

## FIFTH CAUSE OF ACTION

(For Temporary Restraining Order and Permanent Injunction against all Defendants)

32. Plaintiffs incorporate by reference Paragraphs 1-32 of this complaint as though fully set forth therein.

33. Defendants herein has engaged, and continues to engage, in claiming some right, title and interest, legal or equitable to the aforementioned real property of Plaintiffs all to the detriment of Plaintiffs.

34. Defendants have refused, and continues to refuse, to cease and desist from any acts of trespass and has refused to cease and desist from claiming some right, title or interest, legal or equitable to certain portions of Plaintiffs' real property.

First Amended Complaint

Exhibit 1

## SIXTH CAUSE OF ACTION

(For Indemnity and Contribution against all Defendants)

35. Plaintiffs incorporate by reference Paragraphs 1-34 of this complaint as though fully set forth therein.

36. Plaintiffs claim that they were required to pay over $75,000 in attorneys fees and costs in the aforementioned Welty v. Yale et al lawsuit because of Defendant Yale's failure to use reasonable care in failing to disclose in their real property purchase agreement that he had promised the Welty neighbor permission to enter upon Plaintiffs vacant lot subjecting Plaintiffs to a costly and lengthy lawsuit.

37. Plaintiffs further claim that Defendant Yale's failure to disclose contributed as a substantial factor in causing the Plaintiffs' harm, and therefore, are entitled to equitable indemnity and contribution for the attorneys fees incurred by the Plaintiffs herein in defense of the _Welty v. Yale_ etc., et al lawsuit.

WHEREFORE Plaintiffs pray for judgment against Defendants as follows:

38. For general damages in the amount to proof,

39. For an order quieting title to both the Plaintiffs' real property and the Defendants' real property.

40. For costs of suit herein,

41. For attorneys' fees.

42. That Defendant be enjoined during the pendency of this action, and permanently thereafter, from encroaching, trespassing or in any manner using Plaintiff's real property for any purpose, including ingress to and egress from, the common roadway to Defendants' real property.

Exhibit 1

43. For equitable indemnity and contribution for the attorneys fees incurred by the Plaintiffs

herein in defense of the *Welty v. Yale* etc., et al lawsuit

44. For such other and further relief as the court may deem proper.

Dated this 13th day of August, 2016

Fernando Leone, Esq.
Counsel for Plaintiffs

Exhibit 1

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
525 N. Cabrillo Park Drive, Suite 104, Santa Ana, CA 92701

A true and correct copy of the foregoing document entitled: **NOTICE OF MOTION AND MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362 (with supporting declarations) (ACTION IN NONBANKRUPTCY FORUM)** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) __07/11/2017__, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

2. **SERVED BY UNITED STATES MAIL**:
On (*date*) __07/11/2017__, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Hon. Erithe A. Smith - Judge's Copy - 411 W. Fourth Street, Suite 5040, Santa Ana, CA 92701

☒ Service information continued on attached page

3. **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 07/11/2017 | IMELDA BYNOG | /s/ Imelda Bynog |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2014    **F 4001-1.RFS.NONBK.MOTION**

**TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):**

- Andrew S Bisom    abisom@bisomlaw.com
- David W Brody    dbrody@brody-law.com, bknotice@brody-law.com
- Lynn Brown    notices@becket-lee.com
- Christopher Cramer    secured@becket-lee.com
- Hal D Goldflam    hgoldflam@frandzel.com, bwilson@frandzel.com
- Michael J Hauser    michael.hauser@usdoj.gov
- Robert S Lampl    advocate45@aol.com, rlisarobinsonr@aol.com
- Randall P Mroczynski    randym@cookseylaw.com
- Leonard Pena    lpena@penalaw.com, penasomaecf@gmail.com
- United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov
- Reed S Waddell    rwaddell@frandzel.com, sking@frandzel.com
- Gerrick Warrington    gwarrington@frandzel.com, sking@frandzel.com
- Joseph A Weber    firmanweber@yahoo.com, centralservice.firmanweber@gmail.com
- Craig A Welin    cwelin@frandzel.com, bwilson@frandzel.com

Toyota Motor Credit Corporation
c/o Law Office of Robert S. Lampl
21031 Ventura Blvd., Suite 640
Woodland Hills, CA 91364-2226

Catalina Carpet Mills, Inc.
c/o Doug Small, Chief Financial Officer
14418 Best Ave
Santa Fe Springs, CA 90670-5133

County of Orange
P.O. Box 4515
Santa Ana, CA 92702-4515
Attn: Bankruptcy Unit

Default Resolution Network
11000 Olson Drive, Suite 101
Rancho Cordova, CA 95670-5642

Equity Funding Group, LP
12526 High Bluff Drive
Ste. 300
San Diego, CA 92130-2067

FRANCHISE TAX BOARD
BANKRUPTCY SECTION MS A340
PO BOX 2952
SACRAMENTO CA 95812-2952

INTERNAL REVENUE SERVICE
PO BOX 7346
PHILADELPHIA, PA 19101-7346

Julie Yale
115 Jasmine Creek Drive
Corona Del Mar, CA 92625-1418

Kelvin Tran
14617 Fonthill Avenue
Hawthorne, CA 90250-8459

MUFG Union Bank, N.A., successor by merger t
c/o Law Offices of David W. Brody
1350 Columbia Street, Suite 403
San Diego, CA 92101-3455

Marie Green
7523 Autumn Hill Way
Orange, CA 92869-4517

OC Child Support services
PO Box 989067
West Sacramento, CA 95798-9067

Odeon Singapore Limited
c/o Franddzel Robins Bloom & Castro
L.C.
1000 Wilshire Blvd., 19th Floor
Los Angeles, CA 90017-2457

Orange County Trasurer/ Tax
Collector
PO Box 1438
Santa Ana, CA 92702-1438

Orange DCSS
PO Box 22099
Santa Ana, CA 92702-2099

Pacific Capital Bank, NA
3855-F Alamo Street
Simi Valley, CA 93063-2110

Paul Julius Alexander Van Hessen
c/o Frandzel Robins Bloom & Csato, L.C.
1000 Wilshire Boulevard, 19th Floor
Los Angeles, CA 90017-2457

Toyota Motor Credit Corporation
c/o Becket and Lee LLP
PO Box 3001
Malvern  PA 19355-0701

Toyota Motor Credit Corporation
c/o Becket and Lee LLP
PO Box 3002
Dept MVS
Malvern  PA 19355-0702

Union Bank, NA
Victor Flores
PO Box 85443
San Diego, CA 92186-5443

Wells Fargo Bank N.A.,
d/b/a Wells Fargo Dealer Services
PO Box 19657
Irvine, CA 92623-9657

Julie Schultz
402 S. Marengo Ave.
Suite B
Pasadena, CA 91101-3113

Timothy D. Yale
10251 Sunrise Lane
Santa Ana, CA 92705-6411

Debtor did not file a List of 20 Largest Unsecured Creditors.  The above creditors
were obtained from Debtor's Matrix.